ISAIAH H. LYNCH

v.

THOMAS E. LEE & SONS

No. 1384-90-4

Decided July 9, 1991

Counsel

Jerry O. Talton, for appellant.

George W. Johnston, III (Kevin J. Burke; Hazel & Thomas, P.C., on brief), for appellee.

OPINION

**WILLIS, J.**—The issue in this appeal is whether the Industrial Commission erred in affirming the deputy commissioner's finding that the appellee horticultural employer did not have more than two full-time employees and thus was exempted from coverage by the Workers' Compensation Act pursuant to Code § 65.1-28. We find that the commission applied an erroneous definition of full-time employment. Therefore, we reverse its decision and remand the case for further consideration.

The deputy commissioner cited two Industrial Commission opinions defining full-time employment. In *Ferguson v. Bowman*, 57 O.I.C. 120 (1976), the commission held that "full-time" meant employment "on a day to day basis for an indefinite period of time to operate [the] business." He cited *McGowan v. Heras deL'Hermite, Inc.*, 61 O.I.C. 291 (1981), to define full-time as involving "some degree of frequency." The latter definition did not address the term "full-time," but rather the term "regularly employed." Thus, *Ferguson* sets forth the commission's only attempt to define full-time employment.

The words "full-time" have plain and common meaning. Suffice it to say that "full-time employment" imports a sense of permanence coupled with a commitment between the employer and employee whereby the latter's normal employment capacity is essentially utilized.

Code § 65.1-28 exempts from the operation of the Act a horticultural employer who does not "regularly [have] in service more than two full-time employees." It is not disputed that this means that to fall under the Act, a horticultural employer must employ regularly three or more full-time employees. The commission applied the *Ferguson* and *McGowan* definitions, but also considered a "new standard in addition." It held that 2,000 hours of employment were equivalent to the employment of one full-time employee. It then considered the records of the employer to determine whether it had utilized employees for a total of 6,000 worker-hours or more in the year preceding the claimant's indus-

trial accident of November 3, 1988. The total number of work hours fell short. The commission held that the evidence showed that the employer did not regularly have in service more than two full-time employees. It did not specify whether it arrived at this conclusion through application of the *Ferguson* and *McGowan* definitions or through application of its worker-hour equivalent standard. We hold the worker-hour equivalent standard to be erroneous. The term "full-time employee" refers to a specific person whose employment satisfies the definition of full time. It does not define an aggregation of part-time employees. Since we cannot say from the record that the commission's decision was not tied to that standard, we reverse that decision and remand the case for further consideration.

The judgment of the Industrial Commission is reversed, and this case is remanded to it for reconsideration of the applicability of the Act in accordance with this holding.

*Reversed and remanded.*

Keenan, J.,* and Cole, J.,** concurred.

---

\* Justice Keenan participated in the hearing and decision of this case prior to her investiture as a Justice of the Supreme Court of Virginia.

\*\* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by desigation pursuant to Code § 17-116.01.