**Alexandria**

ISAIAH H. LYNCH

v.

THOMAS E. LEE and JAMES R. LEE, t/a

LEE PARTNERSHIP

No. 0047-94-4

Decided November 15, 1994

COUNSEL

Jerry O. Talton, for appellant

George W. Johnston, III (Kuykendall, Johnston, Coleman & Kuykendall, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Isaiah Lynch (claimant) appeals the commission's decision excluding him from coverage under the agricultural exemption of the Workers' Compensation Act. Code § 65.1-28 (now Code § 65.2-101(B)(7)). Claimant argues the commission erred in finding that the Lee Partnership (employer) did not have the three full-time employees required for coverage under the Act. We affirm the commission and hold that the Act excludes claimant from coverage.

## BACKGROUND

Claimant, a seasonal apple picker, injured his back in 1988 while picking apples for employer. Employer is a family farming operation that employs the two Lee sons as full-time employees and other workers as seasonal employees.

The employment periods of the seasonal employees varied from one month to ten months. Each employee's work was tied to a particular season. Apple pickers worked generally in the fall, and tree pruners worked in the winter and early spring. Employer also hired several employees to perform odd jobs around the farm. Randy Smoot, who claimant argues to be the third full-time em-

ployee, worked in the hay fields for five months, from March to August, and was paid four dollars an hour.

In an earlier case involving these parties, we held that the commission applied an erroneous worker-hour equivalent standard to determine what constituted full-time status. *Lynch v. Thomas E. Lee & Sons*, 12 Va. App. 933, 934, 406 S.E.2d 423, 424 (1991). We remanded to the commission for a new determination of the employees' status by referring only to a specific person in deciding whether his employment was full-time. *Id.*

At the remand hearing, Stuart Lee (Lee), one of the Lee sons, testified that he did not consider the various laborers hired by employer to be full-time employees. "[S]ome days if they didn't want to show up, you know, they didn't have to. It's whoever wanted to come pick or whoever wanted to come prune." Lee explained that the laborers were paid by the bushel for picking apples, by the tree for pruning trees, and by the hour for performing other jobs. Lee also testified that the employment term of these laborers was "within a time limit, but not to the exact day . . . . We'd know about how long it would take."

On remand, the commission found that the two Lee sons were full-time employees, but that the non-family employees were part-time seasonal workers and did not meet the "full-time" employment definition.

## FULL-TIME EMPLOYEES FOR COVERAGE

■ Code § 65.1-28 (now Code § 65.2-101(B)(7)) provided that "[t]his Act shall not apply to . . . farm and horticultural laborers, unless the employer regularly has in service more than two *full-time* employees." (emphasis added). Claimant argues that all of the workers were full-time, but particularly Randy Smoot, who worked for a five month period for forty hours per week.

■ "The construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court." *Watford v. Colonial Williamsburg Found.*, 13 Va. App. 501, 505, 413 S.E.2d 69, 71 (1992) (citing *Baskerville v. Saunders Oil Co.*, 1 Va. App. 188, 193, 336 S.E.2d 512, 514 (1985)). This Court should withhold deference only "[w]hen [the commission's] statutory interpretation conflicts with

the language of the statute or when the interpretation has not been consistently and regularly applied." *Commonwealth v. May Bros., Inc.*, 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990) (citation omitted).

To be covered under the Act, claimant must demonstrate that the workers were regularly employed and that at least three workers were full-time employees. Code § 65.1-28. In determining employment regularity, we held:

> the focus shifts to the character of the business and away from the character of the employment relationship. The number of persons used to carry out the established mode of performing the work of the business is determinative even though the work may be recurrent instead of constant.

*Cotman v. Green*, 4 Va. App. 256, 259, 356 S.E.2d 447, 448 (1987) (citations omitted).

The significance of the use of the term "full-time" in former Code § 65.1-28 is evident when comparing the agricultural exemption to the industrial exemption, which does not contain the designation "full-time." *Id.* at 258-59, 356 S.E.2d at 448. In *Cotman* we found that part-time employees counted toward the total for the industrial exemption, but implied that part-time employees would *not* count for the agricultural exemption. *Id.*

"[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." *McFadden v. Commonwealth*, 3 Va. App. 226, 230, 348 S.E.2d 847, 849 (1986) (quoting *Burns v. Board of Supervisors*, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984)). The General Assembly recodified and amended Code § 65.1-28 in 1991, and implicitly approved this distinction by not addressing the issue.

The commission also has addressed the difference between the agricultural exemption and the industrial exemption:

> It is obvious that the legislature intended that the character of the employment be full time [sic] in making a determination as to the number of employees since the other provisions under this Section do not make any such distinction.

*McGowan v. Heras De L'Hermite, Inc.*, 61 O.I.C. 291, 293 (1981).

■ Both this Court and the Workers' Compensation Commission have defined the term "full-time" as it appears in Code § 65.1-28. In the *Lynch* case, we defined "full-time" as "import[ing] a sense of permanence coupled with a commitment between employer and employee whereby the latter's normal employment capacity is essentially utilized." *Lynch v. Thomas E. Lee & Sons*, 12 Va. App. 933, 934, 406 S.E.2d 423, 424 (1991).

In a factually similar case, the commission defined "full-time" as "refer[ring] to the number of employees used by the employer on a day to day basis for an *indefinite period of time* to operate his business." *Ferguson v. Bowman*, 57 O.I.C. 120, 121 (1976) (emphasis added). In *Ferguson*, the owner of an apple orchard employed workers to pick apples during the apple season, which lasted five to six weeks. The commission found that the apple pickers were part-time employees "in that they were to work only a few weeks for this employer." *Id. See also McGowan*, 61 O.I.C. at 293.

■ "The Commission's findings of fact are binding on appeal where supported by credible evidence." *Board of Supervisors v. Martin*, 3 Va. App. 139, 146, 348 S.E.2d 540, 543 (1986), *appeal dismissed*, 363 S.E.2d 703 (Va. 1987). The commission found that all of the non-family employees were "seasonal and part-time," including Randy Smoot. Claimant relies on the fact that Smoot worked in the hay fields in an attempt to distinguish him from other employees. However, Smoot's employment was seasonal, although he performed odd jobs during the spring and summer months.

We find that claimant failed to show that employer had at least three full-time employees regularly in service. Sufficient credible evidence supports the commission's finding that the laborers other than the two Lee sons were part-time and seasonal. As Stuart Lee testified, the laborers were free to work as much or as little as they wanted during the season and were paid by the hour or by the bushel. Also, the laborers did not work for an "indefinite period of time." Their term of employment was fixed as the length of the season, and only the weather and the number of workers created any uncertainty as to the length of employment. Claim-

ant's argument that "full-time" means working full-time throughout the season is without merit.

Finding no error, we affirm the commission.

*Affirmed.*

Baker, J., and Duff, S.J., concurred.