COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Annunziata
Argued at Salem, Virginia


HAROLD LEONARD RAY

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2576-97-3           JUDGE ROSEMARIE ANNUNZIATA
                                         JUNE 2, 1998
WENDALL J. AND ANN C. RADFORD AND
 UNINSURED EMPLOYER'S FUND


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              James B. Feinman (James B. Feinman &
              Associates, on brief), for appellant.

              Jonathan L. McGrady (McGrady & McGrady,
              L.L.P., on brief), for appellees Wendall J.
              and Ann C. Radford.

              No brief or argument for appellee Uninsured
              Employer's Fund.



     Harold L. Ray (claimant) appeals the decision of the

Workers' Compensation Commission, arguing that the commission

erred in determining that it did not have jurisdiction to award

benefits to claimant.  In addition to arguing that the commission

was not in error, Wendall J. and Ann C. Radford (employer) argue

in response that if the commission erred in determining that it

did not have jurisdiction, claimant's application for benefits

should be dismissed for his willful misconduct.

     On August 8, 1995, claimant, an employee on employer's dairy

farm, applied air pressure to an automobile tire as part of the

process of changing the tire.  The tire exploded, causing

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

extensive injuries to claimant. At the time of the accident, employer employed claimant's mother and Danny Willard in addition to claimant. Whether the commission had jurisdiction to consider claimant's application for benefits turns on a determination of the number of "full-time" employees employer had under Code § 65.2-101(2)(g).

The deputy commissioner analyzed the evidence, which was in dispute, in light of the standard for full-time employment set out in Lynch v. Thomas E. Lee & Sons, 12 Va. App. 933, 934-35, 406 S.E.2d 423, 424 (1991). The deputy commissioner specifically indicated that he found persuasive the testimony of Ann Radford that Willard only worked twenty hours per week, and made $80 per week. The commissioner found that "Willard made less money than the farm's other two employees because he worked fewer hours, and not because some alternate compensation arrangement was in effect." The commissioner held that because employer only had two full-time employees, he did not have jurisdiction to consider claimant's claim.

On review, the full commission found that employer had not used Willard's normal employment capacity, and, thus, that Willard was not a full-time employee. The commission found that employer's provision of a place for Willard to live did not signify that Willard worked full time. The commission indicated that the contrary testimony of claimant and claimant's mother was "somewhat vague," and did not establish, in the context of all

2

the testimony, that Willard was a full-time employee.

Claimant contends that the commission erred in finding that employer only had two full-time employees. "Under familiar principles, we view the evidence in the light most favorable" to employer, the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990) (citing Crisp v. Tyson's Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986)). "'It lies within the commission's authority to determine the facts and the weight of the evidence, and its findings in that regard, when supported by credible evidence, will not be disturbed on appeal.'" Dominion Assocs. Group, Inc. v. Queen, 17 Va. App. 764, 767, 441 S.E.2d 45, 46 (1994) (quoting Rose v. Red's Hitch & Trailer Serv., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990)).

Code § 65.2-101(2)(g) provides that, within the meaning of the workers' compensation statute, the term "employee" does not include "[f]arm and horticultural laborers, unless the employer regularly has in service more than two full-time employees." See also Cotman v. Green, 4 Va. App. 256, 258-59, 356 S.E.2d 447, 448 (1987) (explaining that, unlike non-farm employers, farm employers must have three full-time employees to be covered by the statute). In Lynch, 12 Va. App. at 934, 406 S.E.2d at 424, this Court explained:

> The words "full-time" have plain and common meaning. Suffice it to say that "full-time employment" imports a sense of permanence coupled with a commitment between the employer and employee whereby the latter's

3

> normal employment capacity is essentially
> utilized.

The parties do not dispute that claimant and his mother were full-time employees of employer. We hold that the finding of the commission that Willard was not a full-time employee is supported by the evidence. Wendall Radford testified that Willard worked twenty hours a week on his farm, and was a part-time employee. He explained that Willard closely watched his twenty-hour limit, and warned employer when he was approaching twenty hours. Ann Radford also testified that Willard worked part-time at employer's farm.

While claimant and his mother testified that Willard was a full-time employee, neither could confirm Willard's work schedule. The commission found the testimony of claimant and his mother "somewhat vague," and assigned greater weight to the testimony of employer and his witnesses. "We do not retry the facts before the Commission, nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985). Because credible evidence supports the finding of the commission, we will not disturb that finding on appeal. Id. (citing Caskey v. Dan River Mills, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983)).[1]

---

[1] In light of our decision in this case on jurisdictional grounds, we do not reach employer's secondary defense of employee's willful misconduct.

Claimant also argues that the commission erred in failing to accord him a presumption that Willard's testimony would have been adverse to employer because employer failed to produce him.[2] We find no error in this ruling. In Virginia, it is a "settled rule that the unexplained failure of a party to call an available material witness gives rise to an inference, sometimes called a presumption, that the testimony of such absent witness would be adverse to such party." Neeley v. Johnson, 215 Va. 565, 573, 211 S.E.2d 100, 107 (1975) (citing, inter alia, Williams v. Vaughan, 214 Va. 307, 310, 199 S.E.2d 515, 517 (1973)). "Availability of a witness is one essential element for invoking the 'missing witness' rule." Faison v. Hudson, 243 Va. 397, 406, 417 S.E.2d 305, 310 (1992) (quoting Neeley, 215 Va. at 573, 211 S.E.2d at 107). "[N]onavailability may be due to the person's absence from the jurisdiction, his illness, the party's ignorance of the whereabouts of the witness, the person's testimony being inadmissible, or other like circumstances." Neeley, 215 Va. at 573-74, 211 S.E.2d at 107.

The deputy commissioner found that, "There is no evidence that the defendant has any control over Willard or his actions,

_____

[2]Claimant argues that Willard did not appear because his testimony would have disclosed a scheme to fraudulently collect food stamps. Both the deputy commissioner and the commission found that the evidence did not support claimant's allegation of fraud against employer. The commission's finding on this point is supported by the testimony of Wendall and Ann Radford, and we will not disturb this finding on appeal. Dominion Assocs. Group, Inc., 17 Va. App. at 767, 441 S.E.2d at 46 (citing Rose, 11 Va. App. at 60, 396 S.E.2d at 395).

5

and Willard's failure to appear both at the hearing and for his deposition cannot reasonably be imputed to the defendant." This finding is supported by the evidence. Claimant subpoenaed Willard to appear at the hearing before the deputy commissioner, but Willard did not appear. Claimant attempted to subpoena Willard to appear at a deposition, but the Henry County Sheriff's Office informed claimant that Willard's last known residence had been vacated, and they were unable to locate him. Claimant employed an investigator to find Willard, but the search was unsuccessful. Claimant's own evidence shows that Willard was absent from the jurisdiction. The missing witness rule, therefore, is inapplicable because Willard was not available to employer.

Finally, claimant argues that the commission erred in failing to consider the value of perquisites provided by employer to Willard in evaluating whether Willard was a full-time employee. The "Notes from the Workers' Compensation Commission" appended to Code § 65.2-101 provide values assigned to employment perquisites such as meals and lodging which are to be included in the calculation of an employee's "average weekly wage" as defined in Code § 65.2-101. The Virginia Workers' Compensation Act Annotated 58-59 (1996).

The evidence supports the commission's finding that the perquisites furnished by employer did not convert Willard into a full-time employee. The commission noted that employer provided

6

Willard with a place to live, but found that this perquisite did not necessarily mean that Willard was a full-time employee. Dr. Castle and Roger Radford testified that dairy farmers typically provide housing to their employees. Employer had also furnished claimant and his mother with a place to live in the past, in addition to their full-time wages, supporting the inference that the provision of housing did not constitute in-kind compensation for hours worked.

Assuming without deciding that the "Notes" promulgated by the commission are binding upon them, the schedule of perquisites does not mandate a finding that Willard was a full-time employee. The schedule of perquisites only provides values to be used in determining the "average weekly wage" of an employee. In this case, the average weekly wage of claimant was not at issue, and it is not determinative of the question before us. Rather, the issue was the factual question of whether Willard was a full-time employee, which the commission decided after examining all the evidence, including perquisites furnished by employer to Willard.

We therefore affirm the decision of the commission.

Affirmed.