COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


MOUNT VERNON BUILDERS, INC.
AND
CONTINENTAL CASUALTY COMPANY
                                              OPINION BY
v.    Record No. 0417-98-4      JUDGE JERE M. H. WILLIS, JR.
                                            DECEMBER 1, 1998
BRIAN ERIC ROTTY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Iris W. Redmond (Scott C. Ford; Midkiff &
            Hiner, P.C., on brief), for appellants.

            Christopher M. Day, Assistant Attorney
            General (Mark L. Earley, Attorney General),
            for Uninsured Employer's Fund.

            John B. Delaney (Delaney, McCarthy, Colton &
            Botzin, P.C., on brief), for appellee.



        On appeal from a decision of the Workers' Compensation

Commission awarding benefits to Brian Rotty, Mount Vernon

Builders, Inc. (Mount Vernon) contends that the commission erred:

 (1) in holding that Rotty was not an independent contractor; (2)

in holding that Mount Vernon was Rotty's statutory employer; and

(3) in calculating Rotty's "average weekly wage" to be $450.  We

affirm the commission's decision on the first two issues.  On the

issue of Rotty's "average weekly wage," we reverse and remand to

the commission for recalculation.

                                I.

        Under familiar principles, we view the evidence in the light

most favorable to Rotty, the party prevailing below.  The

commission's findings of fact will be upheld on appeal if they are supported by credible evidence. James v. Capitol Steel Construction Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488-89 (1989).

Mount Vernon, a general contractor, was hired to repair the porch and roof of a residence. Mount Vernon contracted to pay Hector Roque $1,800 to repair the roof. The job required both shingle and flat roof work. Roque contracted to pay Rotty $450 to perform the flat roof work. Rotty and Roque worked together during the week at Burgundy Roofing, where Rotty had been a roofer, off and on, for ten years.

On November 2, 1996, Roque drove Rotty to the work site. Rotty brought his personal roofing tools. Roque rented an air compressor. Roque, Rotty and two other laborers began work on the shingle roof by pulling off the old shingles. Rotty helped Roque prepare the roof for new shingles by "prepping" the plywood and checking for loose nails. Roque then told Rotty to begin work on the flat roof. As Rotty walked onto the flat roof, rotten plywood collapsed underneath him and he fell two and one-half stories onto concrete, fracturing his spine, pelvis and wrist. The parties stipulated the cause and nature of his injuries.

Rotty filed for temporary total disability benefits. The deputy commissioner held that Rotty was an independent contractor and thus did not qualify for benefits. She held further that

Mount Vernon was not Rotty's statutory employer, because Mount Vernon and Roque were not in the same trade or business. Because she made no award, the deputy commissioner did not calculate Rotty's average weekly wage.

On review, the full commission held that Rotty was Roque's employee, that Mount Vernon was Rotty's statutory employer, and that Rotty's average weekly wage was $450.

## II.

Mount Vernon contends that Rotty was an independent contractor and not Roque's employee.

"The elements of an employment relationship are: (1) selection and engagement of the employee, (2) payment of wages, (3) power of dismissal, and (4) power of control of the employee's action. The most important of these is the element of control." Behrensen v. Whitaker, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990) (citation omitted). The first three elements "are not the ultimate facts, but only those more or less useful in determining whose is the work and where is the power of control." Stover v. Ratliff, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980). Thus, "[o]ne is an employee of another if the person for whom he or she works has the power to direct the means and methods by which the work is done." Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 4, 427 S.E.2d 428, 430 (1993) (citation omitted), aff'd, 247 Va. 165, 440 S.E.2d 613 (1994).

Credible evidence supports the commission's finding that

Rotty was Roque's employee.  Roque hired Rotty for the job, transported Rotty to the site, and provided tools needed for the job.  Roque had the "power to direct the means and methods by which [Rotty did] the work."  Intermodal Services, Inc. v. Smith, 234 Va. 596, 601, 364 S.E.2d 221, 224 (1988).  All of his work prior to his injury was work performed by Rotty under Roque's supervision.  Roque controlled Rotty's means and methods of work.  See Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 283, 494 S.E.2d 474, 477 (1998).

### III.

Mount Vernon next contends that the commission erred in holding that Rotty was Mount Vernon's statutory employee.  It argues that Roque's work was not part of its "trade, business or occupation."  Code § 65.2-302.

Under Code § 65.2-302, two tests may be used to determine whether a general contractor is the statutory employer of an injured worker.  See F. Richard Wilton, Jr., Inc. v. Gibson, 22 Va. App. 606, 610, 471 S.E.2d 832, 834 (1996).  Using the "subcontracted fraction test," see Code § 65.2-302(B), the full commission held:

> Mount Vernon was hired to repair and reshingle the flat roof, reshingle the rest of the roof and build a new front porch.  Replacing the roof was a subcontracted-fraction of the main contract.  Mount Vernon was the general contractor who engaged [Roque] to perform that fraction of the contract.  Therefore, it is the statutory employer of [Rotty].

- 4 -

The evidence supports this determination.  Mount Vernon is a general contractor.  Its trade, business or occupation is general home repair, which includes roof repair.  It entered into a single contract to repair the porch and roof of a residence.  Thus, Rotty, working under Roque's subcontract, was engaged in Mount Vernon's trade or business.  <u>Wilton</u>, 22 Va. App. at 610-11, 471 S.E.2d at 834-35.

## IV.

Finally, Mount Vernon contends that the commission erred in calculating Rotty's "average weekly wage."  We agree.  "Average weekly wage" means

> the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two . . . .  When, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.

Code § 65.2-101(1)(a).  In the interests of fairness, the calculation should "most nearly approximate the amount which the injured employee would be earning were it not for the injury."  Code § 65.2-101(1)(b).  Here, the evidence is insufficient to support the commission's calculation of Rotty's wage.

Rotty was to be paid $450 for the Mount Vernon job.  The

full commission set that amount as Rotty's average weekly wage, stating only that "[t]he evidence showed the claimant was to receive $450 for two day's worth of work which is his average weekly wage."

Rotty had a full time job as a roofer with Burgundy Roofing. He testified that he was paid $11 an hour and worked between twenty and forty hours a week. Beverly Ange, Burgundy's owner, testified that Rotty's average weekly wage over the fifty-two weeks preceding his injury was $230.93.

The Mount Vernon job was the only "side job" worked by Rotty. No evidence suggested that he intended to undertake other "side jobs" or that other "side jobs" were available.

Because the commission erroneously calculated Rotty's average weekly wage, we reverse the commission's decision on this issue and remand for a redetermination of the amount which he would be earning were it not for the injury.

The decision of the commission is affirmed on the issues of liability. Its calculation of the award is reversed, and this case is remanded for a determination of Rotty's "average weekly wage" and recalculation of his award.

<u>Affirmed in part, reversed and remanded in part.</u>