COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


JERRY GILBERT DODSON
                                    MEMORANDUM OPINION* BY
v.    Record No. 0278-99-1          JUDGE ROBERT P. FRANK
                                        AUGUST 10, 1999
NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Richard B. Donaldson, Jr. (Kevin W. Grierson;
            Jones, Blechman, Woltz & Kelly, P.C., on
            brief), for appellant.

            Benjamin M. Mason (Mason & Mason, P.C., on
            brief), for appellee.


     Jerry Gilbert Dodson (appellant) appeals the December 17,

1998 decision of the Virginia Workers' Compensation Commission

(commission).  On appeal, he asserts that the commission erred

in finding that Newport News Shipbuilding and Dry Dock Company

(employer) properly took credit for payments it made under the

Longshore and Harborworkers' Compensation Act (LHWCA) against

its liability under the Virginia Workers' Compensation Act

(Act).  We agree with appellant and reverse the decision of the

commission and remand for determination of the penalty under

Code § 65.2-524.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.   BACKGROUND

Appellant was employed by Newport News Shipbuilding and Dry Dock Company on August 11, 1993 when he injured his left knee. The employer accepted appellant's claim for benefits under the federal LHWCA, and appellant received payments under the LWHCA for permanent partial disability until October 29, 1996.  On May 3, 1995, appellant received a permanent partial disability rating for his left leg, which entitled him to 144 weeks of compensation under the LHWCA and 87.5 weeks of compensation under the Act, a difference of 56.5 weeks.  The employer paid the 144 weeks of permanent partial disability benefits under the LHWCA from May 3, 1995 through January 19, 1998.

On January 15, 1998, the commission affirmed the deputy commissioner's award of temporary total disability benefits under the Act beginning April 1, 1997.  The award stated that the employer would receive credit for any payments it made pursuant to the LHWCA.  The employer did not begin making payments pursuant to the award under the Act until May 2, 1998, the date the employer asserts that its credit for 56.5 weeks under the LHWCA was exhausted.

By opinion dated December 17, 1998, the commission ruled that Code § 65.2-520 does not dictate the manner in which the employer can take its credit for payment under the LHWCA against its liability under the Act and, therefore, the employer properly took its credit for 56.5 weeks by suspending benefits

- 2

from the date payment was to begin under the Act until the expiration of 56.5 weeks.

## II. ANALYSIS

Appellant challenges the commission's holding that Code § 65.2-520 does not dictate the manner by which the employer may take its credit for payments under the LHWCA against its liability under the Act. We agree with appellant and reverse and remand the case to the commission for determination of the penalty against the employer.

Appellant concedes that the employer is entitled to a dollar-for-dollar credit for the amount the employer paid under the LHWCA that exceeded the employer's responsibility under the Act. Therefore, we only consider whether the pre-1998 version of Code § 65.2-520 permits the employer to apply its credit for payments under the LHWCA at the beginning of the period during which appellant should have received payment under the Act.

"This Court is not bound by the legal determinations made by the commission. '[W]e must inquire to determine if the correct legal conclusion has been reached.'" Uninsured Employer's Fund v. Harper, 26 Va. App. 522, 529, 495 S.E.2d 540, 543 (1998) (quoting Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (citation omitted), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993)). "'The construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given great

weight by a court.'" Lynch v. Lee, 19 Va. App. 230, 232, 450 S.E.2d 391, 392 (1994) (quoting Watford v. Colonial Williamsburg Found., 13 Va. App. 501, 505, 413 S.E.2d 69, 71 (1992) (citation omitted)). "This Court should withhold deference only '[w]hen [the commission's] statutory interpretation conflicts with the language of the statute or when the interpretation has not been consistently and regularly applied.'" Id. at 232-33, 450 S.E.2d at 393 (quoting Commonwealth v. May Bros., Inc., 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990) (citation omitted)).

The pre-1998 version of Code § 65.2-520 stated in pertinent part:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation provided that, in the case of disability, such deductions shall be made by shortening the period during which compensation must be paid and not by reducing the amount of the weekly payment.

In its opinion, the commission held that the employer was entitled to take its credit at the beginning of the payment period under the Act because the employer "would never realize a credit for the excess payments made under the LWHCA" if the employer was required to wait until the end of the payment period to recoup the credit. The commission distinguished its holding in Cline v. Dana Corporation, VWC 181-38-99 (November

24, 1997), where it held that an employer only could recoup overpayment by shortening the payment period pursuant to Code § 65.2-520. The commission distinguished <u>Cline</u> on the basis that 1) the overpayment in <u>Cline</u> was the result of a unilateral mistake by the employer and 2) that the claim in <u>Cline</u> did not involve recovery under the laws of more than one jurisdiction.

We disagree with the commission's analysis of <u>Cline</u>. Code § 65.2-520 does not distinguish between types of "voluntary payments." The statute states that any payment is voluntary which "by the terms of this title were not due and payable when made." In its opinion, the commission attempts to create categories of "voluntary payments" by stating that the voluntariness of an overpayment by an employer is of a different character than payments required under the law of a different jurisdiction. We find no basis for the commission's holding in the language of Code § 65.2-520. We, therefore, hold that the definition of "voluntary payments" includes any type of payment not required under the Act, whether the payment is an overpayment as a result of a mistake by the employer or a payment of benefits pursuant to another statute.

The commission's concern with the "strong underlying policy to prevent double recovery when claims are made under the laws of more than one jurisdiction" is misplaced. The legislature, which establishes public policy for the Commonwealth, has

- 5 -

clearly stated in Code § 65.2-520 that in the case of disability, the recoupment of voluntary payment by the employer must be accomplished "by shortening the period during which compensation must be paid and not by reducing the amount of weekly payments."  The commission relies on Virginia International Terminals v. Moore, 22 Va. App. 396, 470 S.E.2d 574 (1996), aff'd, 254 Va. 46, 486 S.E.2d 528 (1997), in support of a strong public policy against double recovery by an injured employee.  While Moore states that there is an intent for an employee not to be awarded a double recovery, Moore does so in the context of allowing the employer a dollar-for-dollar credit under Code § 65.2-520.  See id. at 403-04, 470 S.E.2d at 577-78. Nowhere does Moore suggest that the policy against double recovery overrides the clear statutory directive in Code § 65.2-520 as to how an employer's credit is to be taken.  We hold, therefore, that despite public policy against double recovery, Code § 65.2-520 explicitly directs the employer to take any credit due as a result of "voluntary payments" by shortening the period during which the payments are to be made, not by reducing the weekly amount of the payment.  In this case, the employer took its credit by reducing the weekly payment to zero for 56.5 weeks.  Only at the conclusion of the 56.5 weeks, did the employer begin weekly payments to appellant.  We find that the employer improperly applied its credit pursuant to Code § 65.2-520, and require it to pay the twenty percent penalty

provided for in Code § 65.2-524 for payments not paid within two weeks of becoming due.

## III.  CONCLUSION

For these reasons, we hold that the commission erred in holding that the employer properly applied its credit pursuant to Code § 65.2-520.  We reverse the decision of the commission and remand for determination of the penalty under Code § 65.2-524.

<u>Reversed and remanded.</u>