COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


LINDA A. COSGROVE
                                        MEMORANDUM OPINION*
v.    Record No. 1337-00-3                 PER CURIAM
                                          OCTOBER 3, 2000
CURTIS R. SOWERS AND MARK A. SOWERS,
 A PARTNERSHIP, HUCKLEBERRY DAIRY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Deborah W. Dobbins; Robin J. Kegley; Gilmer,
               Sadler, Ingram, Sutherland & Hutton, on
               brief), for appellant.

               (Kendall O. Clay, on brief), for appellee.


     Linda A. Cosgrove (claimant) contends that the Workers'

Compensation Commission erred in finding that it lacked

jurisdiction to consider claimant's claim on the ground that

Curtis R. Sowers and Mark A. Sowers, A Partnership, Huckleberry

Dairy (employer) did not regularly have in service more than two

full-time employees at the time of claimant's June 28, 1997

injury by accident.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

It was undisputed that at the time of claimant's accident, employer had two full-time employees, claimant and Fred Weddle. The issue in dispute was whether either Jason Conner or James Vest, both high school students at the time, were full-time employees of employer. The commission held that Conner and Vest were not full-time employees, and, therefore, employer did not regularly have in service more than two full-time employees in the operation of its dairy farm. In so ruling, the commission found as follows:

> [C]laimant testified that she and Weddle worked approximately 91 hours per week each. She stated that she received a salary, housing provisions, vacation time, and sick leave. By comparison, Conner and Vest generally worked less than 40 hours per week each. They were paid by the hour and received no benefits. There was no evidence that either Conner or Vest was required to work a set number of hours. Instead, Conner testified to his fluctuating schedule, varying hours, and irregular responsibilities. He thought of himself as a part-time employee. The claimant described Conner as someone who "filled in" on the weekends. Vest testified that he considered himself to be part-time, based on his full-time commitment to school. [Mark] Sowers confirmed that Vest worked on an irregular basis depending upon available jobs. Conner, Vest, and [Adam] Lowe all attended school full-time; thus, it was impossible for the employer to utilize them in a full-employment capacity.

Code § 65.2-101(2)(g) provides that a farm worker is not a covered "employee" under the Workers' Compensation Act "unless the employer regularly has in service more than two full-time

employees."  In Lynch v. Thomas E. Lee & Sons, 12 Va. App. 933, 406 S.E.2d 423 (1991), we recognized that "'full-time employment' imports a sense of permanence coupled with a commitment between the employer and employee whereby the latter's normal employment capacity is essentially utilized." Id. at 934, 406 S.E.2d at 424.  "'The Commission's findings of fact are binding on appeal where supported by credible evidence.'"  Lynch v. Lee, 19 Va. App. 230, 234, 450 S.E.2d 391, 393 (1994) (citation omitted).

The commission's factual findings are supported by credible evidence, including the testimony of claimant, Vest, Conner, and Sowers.  In addition, employer's documentation reflecting its employees' hours and wages during the relevant time period also constitutes credible evidence to support the commission's findings.  Thus, those findings are binding upon us on appeal. See id.  Based upon those factual findings, the commission could infer that no "sense of permanence" existed in the relationship between employer, Conner, and Vest and that because Conner and Vest were full-time students, employer could not have utilized their normal employment capacity.  Credible evidence proved that employer, Conner, and Vest all understood that Conner and Vest were full-time students who worked as their school and school-related activities permitted and as the needs of employer required given the seasonal nature of farm work.  Accordingly,

the commission did not err in holding that it did not have jurisdiction over claimant's claim because employer did not regularly have in service more than two full-time employees.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>