COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


GILBERT J. PERKEY, t/a
 BOTETOURT STONEMASONS
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1870-02-3          JUDGE ROBERT J. HUMPHREYS
                                        JANUARY 28, 2003
RANDALL WAYNE FRIDLEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Monica Taylor Monday (Gentry, Locke, Rakes &
          Moore, on brief), for appellant.

          Rhonda L. Overstreet (Lumsden, Overstreet &
          Hansen, on brief), for appellee.


     Gilbert J. Perkey, t/a Botetourt Stonemasons, appeals a

decision of the commission awarding Randall Wayne Fridley

temporary total disability benefits, temporary partial disability

benefits and medical benefits, and assessing against Perkey a fine

of $500, pursuant to Code § 65.2-805 for failing to insure its

liability for workers' compensation purposes.  Perkey contends the

commission erred in finding that he had three or more employees

regularly in service and that he was, therefore, subject to the

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

commission's jurisdiction.  For the reasons that follow, we affirm the decision of the commission.

We first note that Perkey does not dispute the commission's determination that Fridley, the claimant, and Gilbert Perkey, his son, were "employees" within the meaning of Code § 65.2-101(2)(h). Instead, Perkey confines his argument to whether the commission erred in finding that Thomas Perkey, also his son, was an employee and that Perkey therefore had three or more employees regularly in service, subjecting him to the commission's jurisdiction pursuant to the Act.  We disagree with Perkey's contention in this regard.

> Under Code § 65.2-101, employers with fewer than three employees are exempt from coverage under the Workers' Compensation Act.  The employer has the burden of producing evidence that it is exempt from coverage.  Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 2, 427 S.E.2d 428, 429 (1993), aff'd per curiam, 247 Va. 165, 440 S.E.2d 613 (1994).  "What constitutes an employee is a question of law, but whether the facts bring a person within the law's designation, is usually a question of fact." Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929); see also Metropolitan Cleaning Corp., Inc. v. Crawley, 14 Va. App. 261, 264, 416 S.E.2d 35, 37 (1992) (en banc).  We are bound by the commission's findings of fact if those findings are supported by credible evidence.  Lynch v. Lee, 19 Va. App. 230, 234, 450 S.E.2d 391, 393 (1994).  On appeal, we construe the evidence in the light most favorable to the employer, the party prevailing below. Whitlock v. Whitlock Mechanical/Check Services, Inc., 25 Va. App. 470, 479, 489 S.E.2d 687, 692 (1997).

-

<u>Osborne v. Forner</u>, 36 Va. App. 91, 95, 548 S.E.2d 270, 272 (2001).

Therefore, we must determine if there is evidence in the record that credibly supports the commission's finding that Thomas Perkey was Perkey's employee and not an independent contractor.

> "The elements of an employment relationship are: (1) selection and engagement of the employee, (2) payment of wages, (3) power of dismissal, and (4) power of control of the employee's action. The most important of these is the element of control." <u>Behrensen v. Whitaker</u>, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990) (citation omitted). The first three elements "are not the ultimate facts, but only those more or less useful in determining whose is the work and where is the power of control." <u>Stover v. Ratliff</u>, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980).

<u>Mount Vernon Builders, Inc. v. Rotty</u>, 28 Va. App. 511, 514, 507 S.E.2d 95, 96-97 (1998).

> [Thus,] [t]he right of control is the determining factor in ascertaining the parties' status in an analysis of an employment relationship. <u>Virginia Employment Comm'n v. A.I.M. Corp.</u>, 225 Va. 338, 347, 302 S.E.2d 534, 539 (1983). And the right of control includes not only the power to specify the result to be attained, but the power to control "the means and methods by which the result is to be accomplished." [<u>Richmond Newspapers v. Gill</u>, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)]. An employer-employee relationship exists if the party for whom the work is to be done has the power to direct the means and methods by which the other does the work. "[I]f the latter is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee but an independent contractor." <u>A.I.M.</u>

-

> Corp., 225 Va. at 347, 302 S.E.2d at 540;
> Craig v. Doyle, 179 Va. 526, 531, 19 S.E.2d
> 675, 677 (1942). The extent of the reserved
> right of control may be determined by
> examining the performance of the parties in
> the activity under scrutiny.

Intermodal Services, Inc. v. Smith, 234 Va. 596, 601, 364 S.E.2d 221, 224 (1988).

The evidence in the case at bar, when considered in the light most favorable to Fridley, established that Thomas Perkey had worked primarily for his father since he was a teenager.[1] The evidence further established that he was transported to the various sites in the company vehicle, that he was paid on a "square footage basis, that averaged out to an hourly thing" of approximately $8.00 per hour, and that he primarily used his father's equipment when performing his work. In fact, Perkey testified that he was not able to work on "major" jobs, like those he worked on with his father, because he "didn't have the equipment" to allow him to do so.

Moreover, the evidence supported the commission's determination that Perkey had the "power to direct the means and methods by which [Thomas Perkey did his] work." Intermodal, 234 Va. at 601, 364 S.E.2d at 224. Indeed, Thomas Perkey conceded, in response to questioning by the deputy commissioner, "[y]eah, he tells me how he wants it done, overall result. I mean if he wants

---

[1] Thomas Perkey testified that he was 21 years of age at the time of the hearing.

-

a wall, he tells me he needs a wall."  Further, Gilbert Perkey testified that his father established quitting time and that he gave the workers, including Thomas Perkey, their individual assignments.  He also stated that when "it came to stuff we didn't know about, then [Perkey] would do it."  Finally, Thomas Perkey himself testified that he did not bid for other large jobs, but only did "small" jobs for friends.

Because credible evidence existed in the record to support the commission's determination that Thomas Perkey was an "employee," not an independent contractor, and that Perkey therefore, regularly employed three or more employees, we find no error in its finding that it possessed jurisdiction over Fridley's claim.

Affirmed.

-