STURGIS, Chief Judge.
Petitioner seeks certiorari to review an order of the Industrial Commission affirming an order of a deputy commissioner denying his claim for compensation under the Workmen’s Compensation Act.
The employer undertook to build a small fishing cabin for her private use. The petitioner, who was regularly employed as a carpenter for a construction company, performed intermittent work on the cabin in his spare time at an hourly wage over a period of approximately three weeks prior to the date of the injury. During that period four other persons also worked intermittently on the project, and on only one occasion during that time, and then only for a period of several hours, were there ever as many as three persons working on the project at one time. At no time prior to the injury was any person regularly employed on the project or employed in such manner as to establish a pattern.
The point for decision is whether the claimant’s employment on this project is within the purview of the Workmen’s Compensation Act, which defines the word “employment” as “all private employments in which three or more employees are employed by the same employer.” F.S. § 440.-02(1) (b) 2, F.S.A.
Unlike those of most states, our Act contains no words explaining or defining the nature, continuity, or duration of “employment” which serves to activate the law. In Alabama it is provided that the requisite number must be regularly employed (Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626). Colorado provides coverage of the requisite number where there is common employment (Comerford v. Carr, 86 Colo. 590, 284 P. 121). The case law demonstrates, however, notwithstanding statutory words explaining or defining “employment”, that the courts have been called on to construe the aspects of continuity, duration, and general nature thereof in determining whether the requisite number are employed to bring the employer under the Act.
The elements of regularity, continuity, common employment, etc., have generally been interpreted as referring to the character of the work in which the persons were employed, however brief or extended, and not to the character of employment, whether casual, occasional, or otherwise; and the Act has usually been held to apply where the requisite number of persons have been engaged, however intermittently, to do work in the common or usual business of the employer. Palle v. Industrial Commission, 79 Utah 47, 7 P.2d 284, 81 A.L.R. 1222. That rule does not apply here because it is uncontested that the employer was not engaged in the construction business and that the project, here involved was entirely private in character.
It is also the general rule that coverage is imposed where there is uniformity of practice in the particular business of the employer and the requisite number of employees are employed, and coverage is not lifted in such cases where, for a short period, the number falls below the statutory minimum. Teague v. State Industrial Commission, 112 Okl. 292, 240 P. 1053; Marshall v. Industrial Commission, 62 Ariz. 230, 231, 156 P.2d 729. See also Lingo v. Crews, 253 Ala. 227, 43 So.2d 815; Green v. Benedict, 102 Conn. 1, 128 A. 20. Conversely, an occasional increase *445 in the number of workmen for some unusual occasion does not automatically result in application of the Act. See Vandergriff v. Shepard, 39 Ga.App. 791, 148 S.E. 596; Kelley v. Haylock, 163 Wis. 326, 157 N.W. 1094, L.R.A.1916E, 626. The prevailing theory is that liability of an employer should not vary from day to day according to the number of persons in his employ on each day, but should be governed by the established mode or plan of his business or operation, and from that determine if he regularly and customarily employs the requisite number. Thus, in the Kelley case, supra, it was held that farmers who periodically employed more than a specified number of employees did not bring themselves within an Act applicable to every employer of “four or more employes in a common employment.” St.1915, § 2394 — 5, subd. 2. In that case the court said:
“The Legislature did not contemplate that mere temporary, though regularly recurring, employment brought the employer within the act. Its language must be taken in its ordinary and usual significance. In ordinary language when it is said that an employer employs four or more employes in a common employment it is meant that he usually does so, or that he does so most of the time, so that such employment becomes the rule and not the exception. The act operated upon and was intended to include only such employers as ordinarily or for some considerable length of time employed four or more employes in a common employment.”
In order, therefore, to bring employment within the purview of our Act, it was necessary to show the existence of an established mode or plan of hiring three or more persons pursuant to some constant or periodic custom resulting in a numerical pattern of employment that becomes the rule and not the exception. See LaCroix v. Frechette, 50 R.I. 90, 145 A. 314; Stover v. Davis, 110 Kan. 808, 205 P. 605. The record here reflects that prior to the alleged injury the respondent did not ordinarily and customarily have three or more persons employed in the subject project, or that prior to that time there was any continuity of employment of three or more persons. The orders in question are correctly entered. To conclude otherwise under the facts in this case would result in the employer oscillating between coverage and exemption from day to day according to the number of employees on the payroll.
Certiorari denied.
. WIGGINTON, J., and MOODY, JAMES S., Associate Judge, concur.