BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the Order of the Full Commission affirming the dismissal of petitioner’s claim for workmen’s compensation benefits.
Petitioner was injured in the course of his employment at a Sunoco Service Station operated by C. J. Hall. Claim was filed against Hall and the Sun Oil Company. The Judge of Industrial Claims dismissed the claim against Hall finding that at the time of the accident Hall was not an employer covered under the Workmen’s Compensation Act since he did not have three or more full-time employees. The claim against Sun Oil was dismissed on the ground that there was no employer-employee relationship between petitioner and Sun Oil Company.
The Full Commission affirmed.
Petitioner contends that the Judge and Full Commission erred in holding:
1. That Hall did not have three or more employees as contemplated by the Statute.
2. That petitioner was not an employee of Sun Oil Company.
We find no merit in petitioner’s second contention. The Judge of Industrial Claims and the Full Commission correctly determined that said C. J. Hall was an independent merchant distributing products of the Sun Oil Company and that the Sun Oil Company was not an employer of the petitioner herein. However, as to the claim against Hall, the Judge and Full Commission have misconstrued F.S. § 440.-02(1) (b) 2, F.S.A.[1] as requiring that a person employ three or more full-time employees in order to come under the Workmen’s Compensation Act.[2] We hold that the Act applies where there are three or more regular employees regardless of the hours of their work.
Florida Statute § 440.02(2) (a), F.S.A. defines “employee” as “every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors whether lawfully or unlawfully employed.” *484 In Mathers v. Sellers [3] the District Court of Appeal, First District, stated the rule as follows:
“In order, therefore, to bring employment within the purview of our Act, it was necessary to show the existence of an established mode or plan of hiring three or more persons pursuant to some constant or periodic custom resulting in a numerical pattern of employment that becomes the rule and not the exception.”
This view is generally accepted.[4] A service station operator who regularly employed the minimum number of employees only on week-ends was held covered under Arkansas Workmen’s Compensation law in Wallace v. Wells.[5] In Mobile Liners v. McConnell[6] several men were employed only on days when a vessel was in port and that from two to five days a week. The Alabama Court held that those part-time employees could be counted in determining the number of employees under the Workmen’s Compensation Act.
In the instant case the unrefuted testimony given by C. J. Hall, the employer, and Harold D. Sudler, the petitioner, indicates that Hall employed his brother, Rocky Hall and a man named Hans Conrad, on a more or less full-time basis. He employed the petitioner and a young boy, whose name was Ronnie Dew, as part-time workers. Petitioner’s usual hours were from five to nine at night.
The cause must be remanded for the taking of further testimony and determination of the compensation benefits to be awarded on the claim against Hall.
Accordingly, the order of the Full Commission affirming dismissal of the claim against Hall is quashed, the dismissal of the claim against Sun Oil Company is affirmed, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C. J., THORNAL and CARLTON, JJ., and RAWLS, District Court Judge, concur.

. F.S. § 440.02(1) (b) (1967), F.S.A.: “The term ‘employment’ shall include: * * * 2. All private employments in which three or more employees are employed by the same employer.”

. We note that in the record, page 3, the Judge of Industrial Claims states that he must determine whether the employer Hall “is within the purview of the Workmen’s Compensation Act and that depends primarily upon whether or not you [Hall] have three fall-time employees or it was your custom to have three full-time employees at the time that the claimant, Mr. Sudler, was injured.” (Emphasis supplied.)

. 113 So.2d 443, 445 (Fla.App.1st 1959).

. Alpert, Florida Workmen’s Compensation Law § 3.8 (1966); 1A Larson, Workmen’s Compensation Law § 52.20 (1967).

. 221 Ark. 750, 255 S.W.2d 970 (1953).

. 220 Ala. 562, 126 So. 626 (1930).