## Richmond

ROBERT E. COTMAN, SR./MODERN MADE CABINET

v.

JIMMIE LEE GREEN

No. 0731-86-2

Decided May 19, 1987

COUNSEL

James Edward Sheffield, for the appellant.

Gerald G. Lutkenhaus, for the appellee.

OPINION

**BARROW, J.** — This is an appeal from the Industrial Commission challenging its finding that an employer had three or more employees regularly in service and was subject to the Virginia Workers' Compensation Act on the day one of his employees was injured. We agree with the commission's finding and affirm its award.

The employer is a cabinetmaker who, at the time of the employee's accident, had two regular full-time employees and other part-time employees. The injured employee was employed part-time on weekends, holidays and occasionally on weekdays when his full-time employment as a cabinetmaker with the Richmond School Board permitted.

The injured employee's work schedule varied depending on the volume of the employer's work. The employer testified that the

injured employee might work for him two weeks one month, not at all the next month, and all four weekends the following month. The employer kept no records from which the injured employee's actual work schedule could be ascertained, but he estimated that the injured employee worked approximately twenty out of the thirty-six weekends preceding his injury. This estimate was consistent with the employer's earlier statement that the injured employee worked approximately every other weekend.

There were also other part-time employees. One worked on an irregular basis as needed to help deliver and install cabinets. Another worked both the day before the employee was injured and the day of the injury but had not established a work routine. The employer's son and wife worked for him from time to time without pay.

Based on these facts the commission found that the employer had three or more employees regularly in service in his business and was, therefore, subject to the Virginia Workers' Compensation Act. *See* Code § 65.1-28.

■ Whether a person is an "employee" and whether an employer has three or more employees "regularly in service" are pivotal determinations in deciding if an employer is subject to the Act. An "employee" is defined by the Act as follows: " '[E]mployee' includes every person . . . in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer." Code § 65.1-4. This statute has been construed to mean that any person hired by the employer to work in the usual course of the employer's business is an "employee" under the Act regardless of how often or for how long he may be employed. *Hoffer Bros. v. Smith*, 148 Va. 220, 226, 138 S.E. 474, 476 (1927).

■ The language of Code § 65.1-28 further confirms the legislature's intention that part-time workers may be included for purposes of determining the applicability of the Act to an employer. In describing an exemption for farm laborers, Code § 65.1-28 refers to "full-time employees."[1] By choosing not to include the ad-

---

[1] Code § 65.1-28 reads in pertinent part: "This Act shall not apply to . . . farm and horticultural laborers, unless the employer regularly has in service more than *two full-time*

jective "full-time" when describing the exemption applicable to all other employers, Code § 65.1-28 recognizes that part-time employees regularly in service must be counted. For these reasons, part-time as well as full-time employees "regularly in service" must be considered in determining whether an employer has at least three employees.

■ Next, in determining whether an employer has three or more employees regularly in service, the focus shifts to the character of the business and away from the character of the employment relationship. *See Mathers v. Sellers*, 113 So. 2d 443, 444 (Fla. Dist. Ct. App. 1959). The number of persons used to carry out the established mode of performing the work of the business is determinative even though the work may be recurrent instead of constant. *Baratta's Italian Restaurant v. Mason*, 107 Ga. App. 240, ____, 129 S.E.2d 578, 579 (1963); *Sudler v. Sun Oil Co.*, 227 So. 2d 482, 484 (Fla. 1969); *Mathers v. Sellers*, 113 So. 2d at 445.

■ Viewing the language, "regularly in service," in this manner avoids adverse effects from unusual, temporary conditions. If applicability of the Act was influenced by transient factors, an employer's status could fluctuate between being subject to the Act and exempt from the Act. Such instability would be unsettling for both employers and employees. If an employer regularly employs three or more persons to carry out the established mode of performing the work of the business, he should remain subject to the provisions of the Act even if one or more of the employees works less than full-time, or if the number of his employees temporarily falls below three. *See* 1C A. Larson, Workmen's Compensation § 52.20 (1986).

In the case before us, the commission correctly determined the number of employees working for the employer and the regularity with which the employer had three or more of them in his service. The part-time employees who were employed in the usual course of the employer's business were properly considered. The nature of the business, including how and when the employees were utilized

---

*employees*, nor to any person, firm or private corporation, including any public service corporation, that has regularly in service less than *three employees* in the same business within this Commonwealth, unless such employees and their employers voluntarily elect to be bound by this Act." (emphasis added).

to carry out the established mode of doing the employer's work, was also considered. There was sufficient evidence to support the commission's finding that the employer's use of part-time employees and full-time employees during this period constituted three or more employees regularly in service and, consequently, subjected the employer to the provisions of the Act.

For these reasons, we affirm the commission's award.

*Affirmed.*

Cole, J., and Duff, J., concurred.