COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


JOHN OSBORNE
                                              OPINION BY
v.    Record No. 2434-00-4        JUDGE ROSEMARIE ANNUNZIATA
                                             JULY 3, 2001
ROBERT FORNER t/a BRUSH OF CLASS AND
 UNINSURED EMPLOYER'S FUND


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Julie H. Heiden (Koonz, McKenney, Johnson,
            Depaolis & Lightfoot, on brief), for
            appellant.

            James R. Ryan (Susan A. Evans; Siciliano,
            Ellis, Dyer & Boccarosse, on brief), for
            appellee Robert Forner t/a Brush of Class.

            Paul S. Stahl, Assistant Attorney General
            (Mark L. Earley, Attorney General; John J.
            Beall, Jr., Senior Assistant Attorney
            General, on brief), for appellee Uninsured
            Employer's Fund.


        The appellant, John Osborne, appeals a decision by the

Workers' Compensation Commission finding that the employer,

Robert Forner, t/a Brush of Class, did not regularly employ three

or more employees and was, therefore, not subject to the

Workers' Compensation Act.  For the following reasons, we affirm.

                          BACKGROUND

        Osborne was injured on November 4, 1997 while working for

Robert Forner.  Forner, a sole proprietor, works as a painting

contractor.  In October 1997, Osborne was in a paint store

filling out an employment application when he met Forner.  Forner

testified that he "had a pretty large size job going on, so when I saw him filling out the application, I asked him if he was a painter, and then I asked him if he would like to work." Forner told Osborne that he paid $120 per day but that Forner could not guarantee him year-round work. Osborne worked for Forner for eight days before he was injured on the job.

Forner had two other employees, Stephanie Wickham and Mike Dunigan, both of whom worked with him on a part-time basis. Forner described his relationship with Wickham as follows:

> I would call her when I had enough work that I may need to use somebody, and if she could not show up, she would tell me so, and that's fine, and if she could show up, she would. She was also going to school at NOVA at the same time.

Mike Dunigan had worked for Forner "on and off" for about eight years, and Forner described his relationship with Dunigan as follows:

> Basically the same [as with Wickham], that I would call him up when I had work and if he could show, he would. If he was working for somebody else at the time, he would tell me, and I would have to continue on the best I could.

During periods when business was slow or when Dunigan or Wickham was unavailable, Forner performed all the required work himself. Forner worked alone 75-80% of the time and did not work three months out of the year. He was described by Dunigan as a "one-man show." Dunigan also stated that the work was "not at all consistent." In 1997, the year of Osborne's injury, Dunigan had worked about fifty days for Forner and Wickham had worked about forty. Forner estimated that there were about twenty days in 1997 on which both Dunigan and Wickham worked.

Dunigan generally worked alone on the Jenkins Lane project, the site where Osborne was injured. "Stephanie [Wickham] came in a couple times . . . [but] she wasn't there everyday." On the day Osborne was injured, Wickham was working on another project with Forner, but Dunigan testified that it was "rare" that more than one project at a time was undertaken and that he had "never seen it before." During the eight days Osborne worked prior to his injury, Dunigan worked with him every day.

Following his injury on November 4, 1997, Osborne filed for workers' compensation benefits. Forner contested the claim on the ground that, because he did not regularly employ three or more employees, he was not subject to the provisions of the Workers' Compensation Act. By opinion dated April 18, 2000, the deputy commissioner held that the employer regularly employed three or more employees and was, therefore, subject to the commission's jurisdiction. By opinion dated September 11, 2000, the full commission reversed, finding that Forner did not regularly employ three or more employees. Osborne now appeals to this Court.

ANALYSIS

Under Code § 65.2-101, employers with fewer than three employees are exempt from coverage under the Workers' Compensation Act.[1]  The employer has the burden of producing evidence that it is exempt from coverage.  Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 2, 427 S.E.2d 428, 429 (1993), aff'd per curiam, 247 Va. 165, 440 S.E.2d 613 (1994). "What constitutes an employee is a question of law, but whether the facts bring a person within the law's designation, is usually a question of fact."  Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929); see also Metropolitan Cleaning Corp., Inc. v. Crawley, 14 Va. App. 261, 264, 416 S.E.2d 35, 37 (1992) (en banc).  We are bound by the commission's findings of fact if those findings are supported by credible evidence.  Lynch v. Lee, 19 Va. App. 230, 234, 450 S.E.2d 391, 393 (1994).  On appeal, we construe the evidence in the light most favorable to the employer, the party prevailing below.  Whitlock v. Whitlock Mechanical/Check Services, Inc., 25 Va. App. 470, 479, 489 S.E.2d 687, 692 (1997).

In determining the number of employees a sole proprietor has "regularly in service," a sole proprietor is excluded from the calculus unless an election is made to be included as an employee under workers' compensation coverage and the insurer is notified of the election.  Code § 65.2-101(1)(n); Whitlock, 25 Va. App. at

---

[1] "'Employee' shall not mean: . . . .  Employees of any person, firm or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this Commonwealth . . . ." Code § 65.2-101(2)(h).

477, 489 S.E.2d at 691.  In this case, Forner did not elect such coverage.  We will, therefore, not treat him as an employee of his business.

For the purpose of determining the applicability of the Act to an employer, part-time workers may be included, provided they are "regularly in service."  Cotman v. Green, 4 Va. App. 256, 259, 356 S.E.2d 447, 448 (1987); see also Smith v. Hylton, 14 Va. App. 354, 356, 416 S.E.2d 712, 714 (1992); 4 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 74.02 (2000).  To determine whether an employee is "regularly in service," we examine the employer's "established mode of performing the work."  Cotman, 4 Va. App. at 259, 356 S.E.2d at 448; Smith, 14 Va. App. at 356, 416 S.E.2d at 714; Larson, supra, § 74.02.  The term "regularly" implies a "practice," France v. Munson, 3 A.2d 78, 81 (Conn. 1938), or a "constant or periodic custom," Mathers v. Sellers, 113 So.2d 443, 445 (Fla. Dist. Ct. App. 1959), of employment.  Therefore, we look for "regularly-recurring periods" of employing the requisite number of persons over some reasonable period of time.  Larson, supra, § 74.02; see Lingo v. Crews, 43 So.2d 815, 815-16 (Ala. 1950); LaPoint v. Barton, 328 So.2d 605, 607 (Ala. Civ. App. 1976); France, 3 A.2d at 81; Harding v. Plumley, 496 S.E.2d 29, 32 (S.C. Ct. App. 1998).  In order for the employer to be subject to the Act, the recurring periods of employing the requisite number of employees should be the rule and not the exception.  See France, 3 A.2d at 83; Sudler v. Sun Oil Co., 227 So.2d 482, 484 (Fla. 1969).  Stated differently, an employer's status under the Workers' Compensation Act should not fluctuate between being subject to the Act and being exempt from

it.  Cotman, 4 Va. App. at 259, 356 S.E.2d at 448-49; Larson, supra, § 74.02.  As we noted in Cotman:

> If an employer regularly employs three or more persons to carry out the established mode of performing the work of the business, he should remain subject to the provisions of the Act even if one or more of the employees works less than full-time, or if the number of his employees temporarily falls below three.

Cotman, 4 Va. App. at 259, 356 S.E.2d at 449.  The converse is true, as well; where an employer temporarily or occasionally employs a third person, the employer will not be subject to the provisions of the Act.

Applying these principles to the instant case, we hold that Forner did not regularly employ three or more persons in the operation of his business.  In 1997, Dunigan and Wickham were part-time employees and worked fewer than fifty and forty days, respectively.  Assuming without deciding Dunigan and Wickham are regular employees, the evidence nonetheless only establishes that Forner employed two individuals for an eight-day period and three individuals for one day.[2]  Such a pattern of employment fails to establish a "mode of performing work" with three or more employees.  See id. at 259, 356 S.E.2d at 448.

We find the commission's holding that Forner was exempt from coverage under the Act is supported by credible evidence.  The evidence demonstrates that Forner's employment of three persons on the day Osborne was injured was the exception and not the rule.  We accordingly affirm the commission's decision.

_____

[2] Osborne worked only eight days before he was injured, and during the time of his employ, Dunigan worked with him each of the eight days, and Wickham worked only one of the days that

<u>Affirmed</u>.

---

Osborne worked, but on a different project.