UPON REHEARING EN BANC
ROBERT J. HUMPHREYS, Judge.
This matter comes before the Court on a rehearing en banc following the issuance of a divided panel opinion of this Court. Appellant Melvin G. Perry (“Perry”) appeals a ruling from the Virginia Workers’ Compensation Commission in which the commission held that appellee Tom Delisle (“Delisle”) sustained his burden of proving that his business has regularly in service less than three employees and, as a result, is not subject to the provisions of the Virginia Workers’ Compensation Act. Because credible evidence in the record supports the commission’s finding, we affirm the judgment below.
I. BACKGROUND
The relevant facts are not in dispute. On April 4, 2001, Perry was installing vinyl siding on a house when he fell off of the scaffolding, injuring his back, head, and feet. Perry filed a claim with the commission, seeking compensation for wage loss, compensation for permanent disability, and payment of lifetime medical costs associated with his injuries.
Delisle defended the claim by arguing that he regularly employed less than three employees and, therefore, was not subject to the provisions of the Act. At the hearing before the deputy commissioner, Delisle testified that he had been operating R & T Construction for “nine or ten years.” Delisle agreed that he employed three employees “throughout 1999 and for most of 2000” and that he again employed three employees beginning in the fall of 2001. From December 2000 until August 2001, however, Delisle testified that he only had two employees. And, when asked about the employee who left the company in November 2000, Delisle testified as follows:
*62 Q: Do you recall when Mr. Mariner left?
A: He left the year before and we were working on Ed Popkins house.
Q: Okay. Do you recall when?
A: Let me think back now. I would say October of 2000, maybe, November of 2000, something like that.
Q: Okay---- [D]id you replace him?
A: No.
Q: And why was that?
A: Well, I mean, he really wasn’t much of an asset and we didn’t have that much work for—really didn’t need another employee.
(Emphasis added).
The deputy commissioner held that Delisle was not subject to the provisions of the Workers’ Compensation Act, reasoning that, at the time of the accident, Delisle had “regularly in service less than three employees.” Specifically, by decision issued July 1, 2003, the deputy commissioner
found that Tom Delisle t/a R & T Construction employed two employees from December 2000 through August 2001. Gonzales and Delisle credibly testified that Tom Delisle t/a R & T Construction employed only Gonzales and Perry from December 2000 through August 2001. Tom Delisle t/a R & T Construction’s records support this credible testimony as does Parks’s credible testimony that he did not begin working for Tom Delisle t/a R & T Construction until shortly before his birthday on October 2, 2001.
The deputy commissioner also noted that “Tom Delisle t/a R & T Construction operated with only two employees for four months before Perry’s fall and then continued to operate with two employees for another four months after this incident despite Perry’s inability to return to the full duties of his preinjury employment.” Accordingly, the deputy commissioner concluded that this was not a case where the employer should remain subject to the provisions of the Act because the number of employees “temporarily” fell below three, reasoning *63 that “Delisle’s decision to increase the size of his work force after eight months of operating with only two employees is not found to present the kind of ‘instability’ contemplated by the Court of Appeals in [Cotman v. Green, 4 Va.App. 256, 356 S.E.2d 447 (1987)].”
Perry petitioned for review by the full commission, which, by decision issued January 22, 2004, affirmed the deputy commissioner. The commission noted that
The evidence predominates in establishing that Mr. Delisle did not employ three or more employees in the same business for three months before the claimant’s accident and for four months following the claimant’s accident. Furthermore, the record does not reflect that Mr. Delisle’s established mode of performing the work of his business necessarily required him to employee [sic] three or more employees. To the contrary, Mr. Delisle explained that he chose not to replace a third employee who left his employ in 2000 because he did not need the additional worker to perform his business.
Accordingly, the commission concluded that “Mr. Delisle sustained his burden of proving that he did not regularly employ three or more employees in the Commonwealth at the time of the claimant’s accident and injury.”
Perry appealed. On November 30, 2004, a three-judge panel of this Court, with one judge dissenting, reversed the commission, reasoning that Delisle failed “to establish that [the] seven to eight month period in which R & T Construction had two employees was the established mode of performing the work of R & T Construction, and not just a temporary, transient circumstance.” Perry v. Delisle, 44 Va.App. 415, 422, 605 S.E.2d 330, 334 (2004). By order dated February 1, 2005, this Court granted the appellees’ petitions for rehearing en banc and stayed the mandate of the panel decision. We now affirm.
II. ANALYSIS
On appeal from a decision of the Workers’ Compensation Commission, “‘[i]t is our duty to determine whether *64 credible evidence supports the Commission’s finding ... and, if such evidence exists, to sustain the finding.’ ” Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 826 S.E.2d 687, 690 (1985) (quoting Cook v. City of Waynesboro, 225 Va. 23, 31, 300 S.E.2d 746, 750 (1983)) (omission in original). Accordingly, “[w]e do not judge the credibility of witnesses or weigh the evidence on appeal.” Id. Rather, if there is credible evidence in the record supporting the commission’s factual findings, we are bound by those findings regardless of whether there is evidence that may support a contrary finding. Morris v. Badger Powhatan/Figgie Int’l, Inc., 3 Va.App. 276, 279, 348 S.E.2d 876, 877 (1986); Russell Loungewear v. Gray, 2 Va.App. 90, 95, 341 S.E.2d 824, 826 (1986).
The Workers’ Compensation Act provides that “[e]very employer and employee, except as herein stated, shall be conclusively presumed to have accepted the provisions of this title respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment and shall be bound thereby.” Code § 65.2-300(A). However, “ ‘[ejmployee’ shall not mean ... [employees of any person, firm or private corporation ... that has regularly in service less than three employees in the same business within this Commonwealth....” Code § 65.2-101. Thus, an employer may defeat a workers’ compensation claim if it can prove, by a preponderance of the evidence, that it is not subject to the provisions of the Act because it “has regularly in service” less than three employees in the Commonwealth of Virginia. Craddock Moving & Storage Co. v. Settles, 16 Va.App. 1, 2, 427 S.E.2d 428, 429 (1993), aff'd, 247 Va. 165, 440 S.E.2d 613 (1994) (per curiam); see also Mark Five Constr. Co. v. Gonzalez, 42 Va.App. 59, 62, 590 S.E.2d 81, 83 (2003).
However, we have held that, “if an employer regularly employs three or more persons to carry out the established mode of performing the work of the business, he should remain subject to the provisions of the Act even if ... the number of his employees temporarily falls below three.” Cot- *65 man v. Green, 4 Va.App. 256, 259, 356 S.E.2d 447, 449 (1987). As we noted in Osborne v. Forner, 36 Va.App. 91, 548 S.E.2d 270 (2001), because “[t]he term ‘regularly implies a ‘practice’ or a ‘constant or periodic custom’ of employment,” the commission should “look for ‘regularly-recurring periods’ of employing the requisite number of persons over some réasonable period of time.” Id. at 96, 548 S.E.2d at 272 (citations omitted). That is, to avoid having “an employer’s status ... fluctuate between being subject to the Act and being exempt from it,” an employer will be deemed to have “regularly in service” three or more employees if “the recurring periods of employing the requisite number of employees” is “the rule and not the exception.” Id. Accordingly, to determine whether an employer is subject to the provisions of the Act, the commission must also look to “[t]he number of persons used to carry out the established mode of performing the work of the business.” Cotman, 4 Va.App. at 259, 356 S.E.2d at 448. Overall, the commission’s focus should be on “the character of the business” rather than “the character of the employment relationship.” Id.
Thus, when an employer defends a claim on the ground that it is not subject to the provisions of the Act, the commission must make two distinct inquiries. First, the commission must determine whether the employer carried its burden of proving, by a preponderance of the evidence, that, at the time of the alleged incident, it had “regularly in service” fewer than three employees in Virginia. Second, if the employer sustains this burden of proof, the commission must then determine whether, at the time of the alleged incident, the employer’s “established mode of performing business” regularly required three or more employees. If so, the employer will be deemed subject to the provisions of the Act even though it had fewer than three employees on the date of the alleged incident. As we noted in Cotman, this two-pronged test prevents an employer from avoiding liability on the basis of an “unusual, temporary eondition[ ],” whereby the employer has fewer employees than its business regularly requires. Id. at 259, 356 S.E.2d at 448.
*66 The determination of whether an employer has met its burden of proving that it regularly employs fewer than three employees “is made by the Commission after exercising its role as finder of fact.” Bass v. City of Richmond Police Dept., 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999); see Osborne, 36 Va.App. at 95, 548 S.E.2d at 272 (“[WJhether the facts bring a person within the law’s designation, is usually a question of fact.”); see also Lynch v. Lee, 19 Va.App. 230, 234, 450 S.E.2d 391, 393 (1994) (affirming the commission’s determination that the employer did not “regularly employ” three or more employees, noting that “[s]ufficient credible evidence supports the commission’s finding that the laborers ... were part-time and seasonal”); cf. Mark Five Constr. Co., 42 Va.App. at 64-65, 590 S.E.2d at 83 (affirming the commission’s determination that the “service” of appellant’s employees in Virginia was “regular” rather than “sporadic or irregular,” reasoning that “[cjredible evidence in the record supports the commission’s ruling”). Similarly, the determination of whether an employer’s “established mode of business” requires three or more employees is a finding of fact to which this Court gives deference on appeal. See Osborne, 36 Va.App. at 97, 548 S.E.2d at 273 (affirming the commission’s -conclusion that the employer did not require three or more employees to carry out its established mode of business, reasoning that this finding was supported by “credible evidence” that the employer’s “employment of three persons on the day [the worker] was injured was the exception and not the rule”); cf. Bois v. Huntington Blizzard, 39 Va.App. 216, 222 n. 1, 571 S.E.2d 924, 927 n. 1 (2002) (“We note that most of the cases analyzing Code § 65.2-101 have discussed the term “regularly in service” in relation to the number of employees necessary for coverage because that was the factual basis for disputing coverage.” (emphasis added)).
Here, the commission found that “Mr. Delisle sustained his burden of proving that he did not regularly employ three or more employees in the Commonwealth at the time of the claimant’s accident and injury....” The commission reasoned that, at the time of Perry’s accident, Delisle did not *67 require three or more employees to perform his “established mode of business.” In making this determination, the commission relied on Delisle’s explanation that he “chose not to replace a third employee who left his employ in 2000 because he did not need the additional worker to perform his business.”
Thus, the commission made two factual determinations: (1) at the time of Perry’s accident, Delisle did not “regularly employ” three or more employees, and (2) at the time of Perry’s accident, Delisle’s “established mode of business” did not require three or more employees. On appeal, we are bound by these findings of fact as long as “there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved.” Westmoreland Coal Co. v. Campbell, 7 Va.App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original); see also United States v. Stevenson, 396 F.3d 538, 542 (4th Cir.2005) (noting that, if the lower court’s “ ‘account of the evidence is plausible in light of the record viewed in its entirety,’ ” the appellate court “will not reverse the [lower] court’s finding simply because we have become convinced that we would have decided the fact differently” (quoting Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985))).
Under the circumstances of this case, there is credible evidence in the record that supports the commission’s findings. Specifically, the commission’s factual finding that, at the time of Perry’s accident, Delisle did not “regularly employ” three or more employees is supported by Delisle’s testimony that his business only had two employees during the continuous eight-month period from December of 2000 until August of 2001. The commission’s factual finding that Delisle’s “established mode of performing business” did not regularly require three or more employees is supported by Delisle’s testimony that he chose not to replace the employee who left in November of 2000 “because he did not need the additional worker to operate his business.” Also, as noted by the deputy commissioner, the record indicates that Delisle “continued to operate *68 with two employees for another four months after [Perry’s] incident despite Perry’s inability to return to the full duties of his pre-injury employment.” The fact that Delisle operated his business for four months with, in effect, one and a half employees supports the commission’s conclusion that, at the time of the accident, Delisle did not require three or more employees to carry out the “established mode” of performing his business.[1]
The commission clearly relied on Delisle’s testimony, which it found to be credible, to conclude that, at the time of Perry’s accident in April 2001, Delisle did not “regularly employ” three or more employees, nor did his “established mode of business” require three or more employees. And, because the record contains credible evidence supporting these factual determinations, we affirm.

Affirmed.

. Clearly, Delisle’s "established mode of performing business" changed between the date that Delisle hired Perry and the date of Perry's accident. Although an employer’s status should not fluctuate, nor should his required coverage under the Act be frozen in time, the number of employees required to carry out an "established mode of performing business” may change over time.