COURT OF APPEALS OF VIRGINIA

Present:  Judges Clements, Kelsey and McClanahan
Argued at Alexandria, Virginia

FAIRFAX HOSPITAL AND
  INOVA HEALTH SYSTEM FOUNDATION, INC.
                                                    MEMORANDUM OPINION* BY
v.              Record No. 2741-06-4                 JUDGE D. ARTHUR KELSEY
                                                         OCTOBER 2, 2007
ELIZABETH A. McKAVENEY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Eric J. Berghold (McCandlish & Lillard, P.C., on brief),
              for appellants.

              Douglas K.W. Landau (Abrams Landau Ltd., on brief),
              for appellee.


        The appellants, Fairfax Hospital and its insurer, Inova Health System Foundation, Inc.,

appeal a ruling of the Workers' Compensation Commission refusing to award a credit under

Code § 65.2-712 against workers' compensation liability owed to Elizabeth A. McKaveney.  The

commission's decision, the appellants argue, cannot be fairly reconciled with any credible

evidence in the record.

        We disagree and affirm.

                                          I.

        On appeal, we view the "evidence and all reasonable inferences that may be drawn from

that evidence" in the light most favorable to the party prevailing before the commission.  Artis v.

Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

        So viewed, the evidence demonstrates that McKaveney sustained a workplace injury

while working for Fairfax Hospital in 1997.  She received workers' compensation benefits until

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

September 2004 when Fairfax Hospital discovered she had become employed full time with Creature Comfort Pet Care (CCPC).[1] Between 2000 and September 2004, McKaveney had been performing sporadic duties at the direction of CCPC's owner. As McKaveney put it, "I considered myself a loyal friend helping out." McKaveney never received a wage, as such, but she and her son did receive coverage under a health insurance plan purchased by CCPC. Destitute and homeless, McKaveney was also permitted to stay briefly at the CCPC office. CCPC provided additional benefits, like the use of a company vehicle and cell phone, and paid certain personal debts incurred by McKaveney.

The owner of CCPC characterized these benefits as gratuities, intended mostly to help McKaveney get back on her feet. "I was just trying to be nice," CCPC's owner explained, "trying to help her get her act together." "I was paying it because she was screwed and I was being nice." When asked if these gratuities served as a substitute for wages, CCPC's owner gave an ambiguous response: "I guess that was our agreement. We never really sat and discussed it, I mean, she was living in a shelter. She needed whatever help she could get." In her testimony, McKaveney made similar remarks about her understanding of the CCPC relationship.

Fairfax Hospital eventually found out about McKaveney's work at CCPC and requested that the commission calculate the various benefits McKaveney received from 2000 to 2004 and credit that amount against Fairfax Hospital's ongoing liability for compensation based upon the 1997 accident. See Code § 65.2-712 (authorizing credit against future liability when an employee returns to work without notifying her previous employer). Two members of the commission concluded Fairfax Hospital failed to demonstrate that the benefits sought to be credited were truly in lieu of wages. See McKaveney v. Fairfax Hosp., No. 184-09-27, 2006 Va.

---

[1] The parties stipulated that CCPC paid McKaveney a salary from August 2004 to June 2005 which, by agreement, was credited to Fairfax Hospital.

Wrk. Comp. LEXIS 906, at *6-7 (Oct. 4, 2006). "Absent evidence of an agreement that the payments were in addition to, or instead of, other wages," the majority reasoned, the allowances could not be treated as earnings under Code § 65.2-101(2). Id. A dissenting commissioner found the in-lieu-of-wages evidence convincing and voted in favor of the requested credit. Id. at *8-11. From this split opinion, Fairfax Hospital and its insurer appeal on the ground that the commission's decision rests on insufficient evidence.

II.

Fairfax Hospital and its insurer do not argue on appeal that the commission applied an incorrect legal standard to this dispute or engaged in any flawed analysis of governing statutes or precedents. They instead challenge only the factual sufficiency of the commission's ultimate decision. The commission erred, they argue, because the "evidence proved that the payment of the premiums was a specified part of the wage contract, and that the premiums were paid in lieu of wages." Appellants' Br. at 8.

We begin our analysis with a familiar restatement of the standard of appellate review. By statute, an award of the commission "shall be conclusive and binding as to all questions of fact." Berglund Chevrolet v. Landrum, 43 Va. App. 742, 749-50, 601 S.E.2d 693, 697 (2004) (quoting Code § 65.2-706(A)). "This appellate deference is not a mere legal custom, subject to a flexible application, but a statutory command," id. (quoting Cent. Va. Obstetrics & Gynecology Assocs. v. Whitfield, 42 Va. App. 264, 279, 590 S.E.2d 631, 639 (2004)), that binds us so long as "there was credible evidence presented such that a reasonable mind *could* conclude" as the commission did, Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (*en banc*) (emphasis added and citation omitted); see also Artis, 45 Va. App. at 83-84, 608 S.E.2d at 517.

"We likewise defer to the commission's 'conclusions upon conflicting inferences, legitimately drawn from proven facts' — for inferences, like historic facts, are likewise 'equally binding on appeal.'" Id. (quoting Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983)). "Such deference is warranted even though there is evidence in the record to support a contrary finding." Id. (citation omitted). "Acting within its factfinding discretion, therefore, the commission is free to adopt that view 'which is most consistent with reason and justice.'" Id. (citation omitted).

In this case, the commission applied the statutory definition of earnings to determine if a credit should be recognized. Under Code § 65.2-101(2), "[w]henever allowances of any character made to an employee in lieu of wages are a specified part of the wage contract, they shall be deemed a part of his earnings." For an allowance to be in lieu of wages, it must not only be an "economic gain" to the employee (and not merely reimbursement of an out-of-pocket expense), Sw. Arch. Prods., Inc. v. Smith, 4 Va. App. 474, 479, 358 S.E.2d 745, 748 (1987), but must also serve as a *substitute* for wages, Gajan v. Bradlick Co., 4 Va. App. 213, 216-17, 355 S.E.2d 899, 901-02 (1987) (noting there was no evidence that, if the employer had not provided insurance coverage, the employee would have received a "higher wage"). For one thing to be in lieu of another, the former must be in place of, serving as a substitute for, or acting as an alternative to the latter. See generally Black's Law Dictionary 803 (8th ed. 2004). In the context of Code § 65.2-101(2), the thing being replaced (wages) must have existed but for its replacement (non-wage allowances).

Applying this principle, the commission found the factfinding task difficult because of the "informal" agreement between the parties and the "erratic testimony" of CCPC's owner. McKaveney, 2006 Va. Wrk. Comp. LEXIS 906, at * 6. Part of that "erratic testimony" was the owner's statement that the economic benefits CCPC provided to McKaveney were motivated in

large part by charity rather than any formal *quid pro quo* for employment services rendered. This assertion, a persistent theme of the owner's testimony, contradicted her apparent concession ("I guess that was our agreement.") that her benevolence could be considered as a form of substitute wage.

The commission resolved that inconsistency by discounting the concession and crediting the charity motive as the driving force behind the benefits CCPC conferred on McKaveney. A similar result was reached regarding McKaveney's testimony, which contained the same incongruence. Approaching the evidence from this perspective, the commission was free to reject the assertion that CCPC would have paid McKaveney wages for her services had she *not* been the beneficiary of the owner's benevolence. Simply put, the evidence failed to persuade the commission that the allowances made to McKaveney were truly a substitute for the payment of wages. Without just this sort of this-for-that proxy, the commission correctly concluded the allowances could not be treated as *de facto* earnings under Code § 65.2-712 for purposes of calculating an appropriate credit.

Because "we do not judge the credibility of witnesses or weigh the evidence on appeal," Hoffman v. Carter, 50 Va. App. 199, 209, 648 S.E.2d 318, 323 (2007) (citation omitted), our personal view of the underlying factual debate plays no role in the task of appellate review. See Perry, 46 Va. App. at 67, 615 S.E.2d at 497 (observing that we cannot not reverse "simply because we have become convinced that we would have decided the fact differently" (citation omitted)). We similarly do not ask whether the evidence *could* have persuaded the commission to grant the credit. The only question we ask is whether a rational factfinder could have been *un*persuaded by the in-lieu-of-wages evidence, id.; Artis, 45 Va. App. at 83-84, 608 S.E.2d at 517, a question we answer in the affirmative given the evidentiary equipoise presented by the record in this case.

- 5 -

III.

Fairfax Hospital and its insurer challenge only the evidentiary sufficiency of the commission's decision not to award a credit. Examining that decision under the governing standard of appellate review, we affirm.

Affirmed.