COURT OF APPEALS OF VIRGINIA


Before:    Judges Haley, Beales and Alston
Argued at Alexandria, Virginia


RICHARD D. RAGLAND

                                                        OPINION BY
v.        Record No. 0524-11-4        JUDGE RANDOLPH A. BEALES
                                                   DECEMBER 13, 2011

WALTER MUGURUZA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

      Michael G. Nye (Gerald F. Ragland, Jr.; Coleman & Ragland, PLC,
      on briefs), for appellant.

      (Stephen J. Saunders, on brief), for appellee.  Appellee submitting
      on brief.


      The Workers' Compensation Commission (the commission) awarded benefits to Walter

Muguruza (appellee) for injuries, which resulted from a workplace accident on January 19, 2008.

The commission found that Richard D. Ragland (appellant) employed appellee, found that

appellant "had three or more regular employees," and, therefore, found that appellant was an

"employer" for the purposes of the Workers' Compensation Act (the Act).  Code § 65.2-101

states that under the Act, "'[e]mployee' shall not mean . . . [e]mployees of any person, firm or

private corporation . . . that has *regularly in service* less than three employees in the same

business within this Commonwealth."  (Emphasis added).  On appeal, appellant argues that the

commission's award of benefits should be reversed because there was insufficient evidence that

he had three or more employees "regularly in service" at the time of the accident and, thus,

contends that appellee was not entitled to benefits under Code § 65.2-101.  We agree with

appellant's argument, and, for the following reasons, we reverse and remand.

## I.  BACKGROUND

At the time of appellee's injury, appellant worked as a superintendent at an apartment building in Alexandria.  The building's owner, Robert Whitestone, paid him to clean and manage the building.  On Whitestone's behalf, appellant solicited bids from contractors to remove the building's old windows in order to install new ones.  Appellant did not have a contractor's license and had never contracted to perform window replacement work before, but, because Whitestone and appellant agreed that time was not of the essence, Whitestone agreed to accept appellant's proposal to complete the window project.  *Before* hiring any workers to assist him, appellant replaced fifty-four of the apartment building's eighty-three windows.  Appellee's brothers (Serafin and Hugo) confirmed that about half of the windows had been replaced *before* they started working on the window project.

It did not take more than one person to replace each window.  Sometimes on the weekends, Whitestone and one or the other of his two grown sons helped appellant, but they were not paid for doing so.  Seeking someone to help with the window project, appellant called a contractor he knew, who referred him to Hugo.  Hugo testified that he first worked for appellant on January 16, 2008.  Appellant and Hugo discussed Hugo's bringing in additional workers to save time on the window project.  Hugo suggested that his brothers, appellee and Serafin, should help them.

Appellee started work on the window project on January 18, 2008, and worked one full day with his brothers and appellant.  On his second day of work, January 19, 2008, appellee was injured while operating a table saw.  He did not return to work for appellant after his accident.  A few days after the accident, Hugo stopped working for appellant.[1]  However, appellant never sought out workers to replace any of the three Muguruza brothers for the help they provided on

---

[1] It is unclear whether Hugo left the job voluntarily or whether appellant terminated Hugo's services.

the window project on January 18 and 19, 2008. Serafin also stopped working for appellant after the accident, but later asked appellant for work and ended up helping to complete the window project and other projects. Appellee and Hugo, however, were never replaced by any other workers.

The full commission affirmed the deputy commissioner's award of benefits to appellee for his injury. It also affirmed the deputy commissioner's "finding that Ragland had three or more *regular* employees." (Emphasis added). In making its decision, the commission also specifically found that appellant "was an employer who had three employees, as well as himself, performing work *at the time of the claimant's accident*." (Emphasis added).

## II. ANALYSIS

All employers and employees in Virginia are "conclusively presumed to have accepted the provisions of [the Act]." Code § 65.2-300(A). Excluded from this presumption, however, are "[e]mployees of any person, firm, or private corporation . . . that has *regularly in service* less than three employees." Code § 65.2-101 (emphasis added).

> In other words, if an employer has three or more employees "regularly in service," it is subject to the Act and responsible for providing workers' compensation benefits to qualifying employees. If an employer has fewer than three employees "regularly in service," it is not subject to the Act and has no obligation to provide its employees with workers' compensation benefits.

Hoffman v. Carter, 50 Va. App. 199, 210, 648 S.E.2d 318, 324 (2007).

The question here is whether the commission erred in making its finding that appellant "had three or more regular employees" under Code § 65.2-101, thus subjecting appellant to the Act and requiring him to pay benefits to appellee.

A.  Standard of Review

In answering the question before it, this Court is "required to construe the law as it is written.  'An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute.'"  Commonwealth, Dep't of Mines, Minerals and Energy v. May Bros., Inc., 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990) (quoting Hurt v. Caldwell, 222 Va. 91, 97, 279 S.E.2d 138, 142 (1981)).  Although this Court is bound by the commission's factual findings when those findings are supported by credible evidence in the record, Lynch v. Lee, 19 Va. App. 230, 234, 450 S.E.2d 391, 393 (1994), this Court is "'not bound by the commission's legal analysis in this or prior cases.'"  Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002) (quoting U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998)).  Here, the commission applied the incorrect legal analysis in making its determination that Ragland had three or more employees "regularly in service" under Code § 65.2-101.

The commission found that:

> in the context of the job [Ragland] contracted to perform for Whitestone (window replacement), he was an employer who had three employees, as well as himself, performing work *at the time of the claimant's accident*.  For these reasons, we affirm the Deputy Commissioner's finding that Ragland had three or more regular employees, such that he was subject to the Act.

(Emphasis added).

The test the commission used – whether appellant here was an employer who had three employees performing work "*at the time of the claimant's accident*" – conflicts with the Court's prior holdings interpreting Code § 65.2-101 because, without determining whether any three employees are "regularly in service," the employer's liability and the employee's coverage can fluctuate rapidly based on the number of employees at work at the precise time of the accident.  This Court found that "[i]f applicability of the Act was influenced by transient factors, an

- 4 -

employer's status could fluctuate between being subject to the Act and exempt from the Act." Cotman v. Green, 4 Va. App. 256, 259, 356 S.E.2d 447, 449 (1987). Therefore, "[i]f an employer regularly employs three or more persons to carry out the established mode of performing the work of the business, he should remain subject to the provisions of the Act even if . . . the number of his employees temporarily falls below three." Id. "The converse is true, as well; where an employer temporarily or occasionally employs a third person, the employer will not be subject to the provisions of the Act." Osborne v. Forner, 36 Va. App. 91, 97, 548 S.E.2d 270, 273 (2001). See also Perry v. Delisle, 46 Va. App. 57, 65, 615 S.E.2d 494, 496 (2005) (en banc).

Furthermore, the legal standard applied by the commission renders its analysis inconsistent with the plain text of Code § 65.2-101, which expressly excludes employees from workers' compensation if their employers have "*regularly in service* less than three employees." Code § 65.2-101 (emphasis added). See e.g. Wilson v. Commonwealth, 53 Va. App. 599, 603, 673 S.E.2d 923, 925 (2009) ("'every act of the legislature should be read so as to give reasonable effect to every word . . .'" (quoting Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984))). To use the legal standard applied by the commission would be to read the word "regularly" out of Code § 65.2-101. In short, the commission used an incorrect legal standard – and is, therefore, owed no deference on this question. See e.g. County of Buchanan School Bd. v. Horton, 35 Va. App. 26, 27, 542 S.E.2d 783, 783 (2001); Biafore v. Kitchin Equipment, 18 Va. App. 474, 480, 445 S.E.2d 496, 499 (1994).

## B. Whether Appellant Had Three Or More *Regular* Employees

In determining whether an employee is "regularly in service" under Code § 65.2-101, this Court examines the employer's "established mode of performing the work." Cotman, 4 Va. App. at 259, 356 S.E.2d at 448. In addition, "the term 'regularly' implies a 'practice,' France v.

Munson, 3 A.2d 78, 81 (Conn. 1938), or a 'constant or periodic custom,' Mathers v. Sellers, 113 So. 2d 443, 445 (Fla. Dist. Ct. App. 1959), of employment." Osborne, 36 Va. App. at 96, 548 S.E.2d at 272-73. Therefore, we look for "regularly-recurring periods" of employing the requisite number of persons over some reasonable period of time. Osborne, 36 Va. App. at 96, 548 S.E.2d at 272. In addition, "[i]n order for the employer to be subject to the Act, the recurring periods of employing the requisite number of employees should be the rule and not the exception." Id. at 96, 548 S.E.2d at 272-73 (internal citations omitted).

Even viewing the evidence in the light most favorable to appellee,[2] the undisputed evidence shows that the window replacement project took months to complete and during that interval, appellant employed three workers (Hugo, Serafin, and appellee) simultaneously for, *at most, one and a half days – January 18 and part of January 19, 2008*. Having three workers for at most one and a half days plainly does not constitute "regularly-recurring periods." Osborne, 36 Va. App. at 96, 548 S.E.2d at 272-73.

Moreover, appellant installed at least half of the windows himself – without the help of any employees. This fact clearly shows that appellant's "established mode of performing the work of the business," as required under Cotman, 4 Va. App. at 259, 356 S.E.2d at 448, did not demand three or more regular employees.[3]

Most significantly, it is clear that appellant did not regularly employ three or more employees because there is no indication that appellant had three or more regular employees *before* the accident OR *after* the accident. Before the accident, appellant did over half of the

[2] This Court must view the evidence in the light most favorable to appellee, the party who prevailed before the commission. Amoco Foam Products Co. v. Johnson, 26 Va. App. 267, 272, 494 S.E.2d 169, 172 (1997). However, the relevant facts are not in dispute here.

[3] The commission must "focus ultimately on 'the character of the business' rather than 'the character of the employment relationship'" in evaluating whether three or more persons are needed to carry out the established mode of performing the work. Hoffman, 50 Va. App. at 211, 648 S.E.2d at 324 (quoting Cotman, 4 Va. App. at 259, 356 S.E.2d at 448).

window replacements himself – without help from the Muguruza brothers or anyone else.  Then for one and a half days, appellant employed all three of the Muguruza brothers to assist with the project on January 18 and 19, 2008.  All three brothers stopped working for appellant after the accident.  Despite the loss of this support on the window project, appellant did not seek to replace Hugo, Serafin, or appellee for assistance with the window replacement project or any other project.  Although Serafin stopped working for appellant after the accident, he later resumed his work for appellant – but only because, after the accident, *Serafin asked* appellant for more work.

The record simply does not show that appellant needed three or more regular workers to complete the window replacement project.  Nor does the record reveal that appellant ever had or sought to hire three or more *regular* workers – before, during, or after the accident.  Thus, appellant is not subject to the Act under Code § 65.2-101.

Furthermore, this case is similar to Osborne, 36 Va. App. at 91, 548 S.E.2d at 270, where this Court affirmed the commission's finding that the defendant painting contractor did not have three or more employees *regularly* in service.  Each of the defendant's three part-time employees worked "off and on" for the defendant, but, like appellant here, the defendant usually worked alone, and only occasionally received assistance from his part-time workers.  Id. at 94, 548 S.E.2d at 271-72.[4]

Here, appellant employed three individuals for one and a half days in total, and during the remainder of the time he spent on the window project – at least a few months – he employed fewer than three workers.  The one and a half day period when appellant employed the requisite number of workers – like the one day in which the defendant in Osborne employed three or more

---

[4] The defendant in Osborne had two employees for an eight-day period and three employees for one day.  This Court concluded that "[s]uch a pattern of employment fails to establish a 'mode of performing work' with three or more employees."  Osborne, 36 Va. App. at 97, 548 S.E.2d at 273 (citing Cotman, 4 Va. App. at 259, 356 S.E.2d at 448).

workers – does not amount to having three or more employees "regularly in service" under Code § 65.2-101.

### III. CONCLUSION

The commission applied the incorrect legal standard in making its determination that "in the context of the job [Ragland] contracted to perform for Whitestone (window replacement), he was an employer who had three employees, as well as himself, performing work *at the time of the claimant's accident*." (Emphasis added). Under the correct legal standard – whether appellant had three or more employees "*regularly* in service" pursuant to Code § 65.2-101 – it is plain that appellant did not have "three or more employees *regularly* in service" when he employed Hugo, Serafin, and appellee for a total of one and a half days without any indication of regularity in their service. (Emphasis added). Appellant had never had three employees before the Muguruza brothers worked for him for a day and a half, and he did not have three employees afterwards. Therefore, appellant did not have "three or more employees regularly in service" at the time appellee was injured either. Consequently, appellant is not subject to the Act under Code § 65.2-101. See Hoffman, 50 Va. App. at 210, 648 S.E.2d at 324. Accordingly, for the foregoing reasons, we reverse the decision of the commission and remand for the commission to vacate the award and for any further proceedings necessary that are consistent with this opinion.

Reversed and remanded.