COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, McCullough and Senior Judge Clements
Argued at Alexandria, Virginia

UNPUBLISHED

MARIO R. MIRARCHI

v.        Record No. 1742-12-4

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
APRIL 23, 2013

WHISTLE STOP HOBBIES, LLC AND
 THE UNINSURED EMPLOYER'S FUND

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> John C. Duncan, III (Duncan and Hopkins, P.C., on brief), for
> appellant.
>
> Douglas A. Seymour (Siciliano, Ellis, Dyer & Boccarosse PLC, on
> brief), for appellee The Uninsured Employer's Fund.
>
> No brief or argument for appellee Whistle Stop Hobbies, LLC.

Mario Mirarchi appeals a decision of the Workers' Compensation Commission finding

that the commission did not have jurisdiction because Whistle Stop Hobbies, LLC (employer)

did not regularly have three or more employees in its service prior to Mirarchi's injury on June 1,

2010.  Mirarchi argues that the commission erred in (1) concluding that it did not have

jurisdiction under the Virginia Workers' Compensation Act to address Mirarchi's June 1, 2010

injury because the employer did not have three employees regularly in service, and as a

consequence, denying the claim; (2) failing to reverse the deputy commissioner's finding that

Mirarchi was not entitled to disability benefits after June 10, 2010; and (3) failing to find the

employer liable for medical bills incurred by Mirarchi as a result of his accident.  We find no

error and affirm the decision of the commission.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below." Hoffman v. Carter, 50 Va. App. 199, 205, 648 S.E.2d 318, 321-22 (2007) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)).

Frank Kozuch, Jr. is the owner of Whistle Stop Hobbies, LLC, which sells model kits, hobby supplies, and toys. During the period relevant to the case, the store was open Monday through Friday from 11:00 a.m. to 6:00 p.m., Saturday from 10:00 a.m. to 5:00 p.m., and Sunday from 11:00 a.m. to 5:00 p.m. Only one store clerk was present during business hours.

Kozuch worked at the store by himself if he was in town. In January, February, March, and April, he frequently went to trade shows on the weekends and hired part-time store clerks to work in the store while he was out of town. The part-time employees did not have a set schedule and worked as needed. Aside from Kozuch, there were no full-time employees between June 2009 and June 2010.

In May 2009, Kozuch hired Mirarchi as a store clerk. Mirarchi, however, did not begin work until July 2009. His employment records show that he worked 15.25 hours in July 2009, 22.5 hours in August 2009, 14.0 hours in May 2010, and 7.0 hours in June 2010.

On June 1, 2010, Mirarchi was working in the store by himself when an individual came into the store, walked around the store, approached Mirarchi with a knife, and demanded money. Mirarchi and the individual engaged in a struggle, and Mirarchi injured his right hand.

Mirarchi filed a claim for benefits on June 10, 2010. In September 2011, the deputy commissioner found that Mirarchi was an employee and had a compensable injury; however, the commission lacked jurisdiction because the employer had less than three employees regularly in service. Consequently, the deputy commissioner denied the claim for benefits. Mirarchi, the Uninsured Employer's Fund, and the employer filed requests for review with the full commission.

On August 31, 2012, the full commission issued its opinion and affirmed the deputy commissioner's denial of the claim. The commission held that it did not have jurisdiction. This appeal followed.

## ANALYSIS

Mirarchi argues that the commission erred in determining that it did not have jurisdiction. Mirarchi claims employer had more than three employees working at the store. He points to the payroll records to show that in addition to Kozuch, employer had seven part-time employees in 2009, eight part-time employees in 2010, and five part-time employees for the first half of 2011.[1]

The commission held that Kozuch was an employee and Mirarchi was an employee. The issue, however, is whether employer had three or more employees "regularly in service." Code § 65.2-101.

If an employer does not have three or more employees who are "regularly in service," then the employer is not subject to the Act. See Cotman v. Green, 4 Va. App. 256, 258, 356 S.E.2d 447, 448 (1987); Code § 65.2-101.

"Both full-time and part-time employees who are regularly employed to carry out the trade or business of the employer must be counted in determining the number of employees

---

[1] We dismiss Mirarchi's claim that Kozuch's wife was an employee because her voice is on the store's recording.

'regularly in service' to the employer." Smith v. Hylton, 14 Va. App. 354, 356, 416 S.E.2d 712, 714 (1992) (citing Cotman, 4 Va. App. at 258, 356 S.E.2d at 448).

> Next, in determining whether an employer has three or more employees regularly in service, the focus shifts to the character of the business and away from the character of the employment relationship. See Mathers v. Sellers, 113 So.2d 443, 444 (Fla. Dist. Ct. App. 1959). The number of persons used to carry out the established mode of performing the work of the business is determinative even though the work may be recurrent instead of constant. Baratta's Italian Restaurant v. Mason, 107 Ga. App. 240, __, 129 S.E.2d 578, 579 (1963); Sudler v. Sun Oil Co., 227 So.2d 482, 484 (Fla. 1969); Mathers, 113 So.2d at 445.

Cotman, 4 Va. App. at 259, 356 S.E.2d at 448.

This Court recently analyzed the term "regularly in service." See Ragland v. Muguruza, 59 Va. App. 250, 717 S.E.2d 842 (2011). The Court explained that "we look for 'regularly-recurring periods' of employing the requisite number of persons over some reasonable period of time." Id. at 257, 717 S.E.2d at 846 (quoting Osborne v. Forner, 36 Va. App. 91, 96, 548 S.E.2d 270, 272 (2001)). In Ragland, the Court concluded that even though a contractor hired three people to help him install windows, he primarily worked alone and his business did not require the extra help. Id. at 258-59, 717 S.E.2d at 846-47. The workers helped him for one and a half days only, and Ragland did not have three or more "regular" employees before or after the accident. Id. at 258, 717 S.E.2d at 846.

Ragland is similar to this case in that the owner here also can perform most of the work of the business himself and in that the established mode of the business here also did not require three employees regularly in service. Kozuch needed assistance in Whistle Stop Hobbies when he was out of town. There was no set schedule for the part-time workers. Generally, there was

only one employee in the store.[2]  The commission determined that the business "did not require but one person to operate the store when it was open for business."

> Whether an employer regularly employs fewer than three employees is a factual determination made by the commission. See Bass v. City of Richmond Police Dept., 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999).  Likewise, whether an employer's "established mode of business" requires three or more employees is a question of fact to which we give great deference on appeal. See Osborne, 36 Va. App. at 97, 548 S.E.2d at 273.

Hoffman, 50 Va. App. at 211, 648 S.E.2d at 324.

The commission found that "the established mode of performing the work of the business required at most two people," and consequently, the commission did not have jurisdiction to consider Mirarchi's injury.  Sufficient evidence supports that finding.

Accordingly, the commission did not err in determining that it did not have jurisdiction to consider Mirarchi's complaint.

CONCLUSION

For the foregoing reasons, we affirm the commission's decision.[3]

Affirmed.

---

[2] The commission acknowledged that there was one instance in which a part-time employee assisted Mirarchi with a display and another instance in which the same part-time employee worked in the stockroom while Mirarchi was working as the store clerk.

[3] Considering our ruling, we need not address Mirarchi's second and third assignments of error.  See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) ("[A]n appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).